UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXANDRE BARROSO, on his
own behalf and on behalf of those
similarly situated,

        Plaintiff(s),

-vs-

GILSON'S        INTERNATIONAL
CUISINE,        INC.,        D/B/A
VITTORIO'S   RESTAURANT,   a
Florida for Profit Corporation, and
GILSON          RODRIGUES,
individually,

        Defendants.

Case No.: 6:16-CV-69-ORL-37-DAB

## COMPLAINT & DEMAND FOR JURY TRIAL

     COMES NOW the Plaintiff, ALEXANDRE BARROSO, on his own behalf and on behalf of others similarly situated, by and through their undersigned counsel, and hereby files this Complaint against the Defendants, GILSON'S INTERNATIONAL CUISINE, INC., D/B/A VITTORIO'S RESTAURANT, and GILSON RODRIGUES, individually, (hereinafter "Defendants"), and allege as follows:

## INTRODUCTION

1.      This is an action by the Plaintiff against his former employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks damages, reasonable attorney's fees, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2.      This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

3.      This action is intended to include each and every "hourly paid employee" who worked for the Defendants at any time within the past three (3) years.

## JURISDICTION

4.      This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. §216(b).

## VENUE

5.      The venue of this Court over this controversy is proper based upon the claim arising in Osceola County, Florida.

2

## PARTIES

6.     Plaintiff was an hourly paid employees and performed related activities for Defendants in Osceola County, Florida.

7.     Defendant, GILSON'S INTERNATIONAL CUISINE, INC., D/B/A VITTORIO'S RESTAURANT, is a Brazilian restaurant.

8.     Defendant, GILSON RODRIGUES, is the President, Registered Agent, General Manager, and Owner of the company.

## FACTUAL ALLEGATIONS

9.     Plaintiff, and those similarly situated employees, worked as "hourly paid employees" for Defendants and performed related activities.

10.     Plaintiff worked in this capacity from approximately November 15, 2013 through September 21, 2015

11.     Plaintiff and those similarly situated were hourly paid employees.

12.     Plaintiff earned a rate of pay of $13.50 per hour.

13.     Plaintiff, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

14.     Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their

regular rate of pay for *all* hours worked over forty in a workweek.

15.   Plaintiff and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

16.   Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COVERAGE

17.   At all material times relevant to this action (2012-2015), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

18.   At all material times relevant to this action (2012-2015), Defendant made gross earnings of at least $500,000 annually.

19.   At all material times relevant to this action (2012-2015), Defendant accepted payments from customers based on credit cards issued by out of state banks.

20.   At all material times relevant to this action (2012-2015), Defendant routinely ordered materials or supplies from out of state. (i.e. Restaurant supplies and equipment, food, beverages, etc.).

21.   At all material times relevant to this action (2012-2015), Defendant had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce. (i.e. Restaurant supplies and equipment, food,

4

beverages, etc.).

22.    At all material times relevant to this action (2012-2015), Plaintiff was individually engaged in interstate commerce during his employment with Defendant, by working with food supplies and equipment from out of state.

23.    At all material times relevant to this action (2012-2015), Defendant used U.S. mail to send and receive letters to and from other states.

24.    At all times relevant to this action (2012-2015), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for those hours worked in excess of forty (40) within a work week.

## COLLECTIVE ACTION ALLEGATIONS

25.    Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant related services for Defendants.

26.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27.    Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

28.     Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that hourly employees were paid for all overtime hours worked based on the Defendant's failure to credit hourly employees with all hours worked.

29.     This policy or practice was applicable to Plaintiff and the class members.

31.     Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather, the same policies or practices which resulted in the non-payment of overtime to Plaintiff apply to all class members.

32.     Accordingly, the class members are properly defined as:

**All hourly paid employees who worked for Defendants, GILSON'S INTERNATIONAL CUISINE, INC., D/B/A VITTORIO'S RESTAURANT, and GILSON RODRIGUES, within the state of Florida within the last three years who were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.**

33.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

34.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29

U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

35.    During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

36.    Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

### COUNT I - RECOVERY OF OVERTIME COMPENSATION VERSUS GILSON'S INTERNATIONAL CUISINE, INC. D/B/A VITTORIO'S RESTAURANT

37.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38.    Plaintiff and those similarly situated to him worked for Defendant at various times from 2012 to 2015 as hourly employees for Defendant's businesses located in Florida.

39.    Defendant, GILSON'S INTERNATIONAL CUISINE, INC., D/B/A VITTORIO'S RESTAURANT, is a corporation doing business in the State of Florida and at all times during Plaintiff's employment was an employer as defined by 29 U.S.C. §203.

40.    Throughout Plaintiff's employment, the Defendant repeatedly and willfully violated Section 7 and Section 15 of the FLSA by failing to compensate Plaintiff, and other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

41.    Specifically, Plaintiff and those similarly situated employees worked multiple weeks in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

42.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff and others similarly situated to him, are in the possession and custody of Defendant.

WHEREFORE, Plaintiff, on behalf of himself and all other similarly situated employees, demands judgment against Defendant, GILSON'S INTERNATIONAL CUISINE, INC., D/B/A VITTORIO'S RESTAURANT, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

8

## COUNT II- RECOVERY OF OVERTIME COMPENSATION
## VERSUS GILSON RODRIGUES, INDIVIDUALLY.

43.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

44.    Defendant, GILSON RODRIGUES, is the owner, General Manager and Registered Agent of Defendant, PLANTATION OAKS SENIOR LIVING MANAGEMENT, LLC.

45.    Defendant, GILSON RODRIGUES, is the acting manager who acted with direct control over the work, pay, and job duties of Plaintiff.

46.    Defendant, GILSON RODRIGUES, had the power to hire and fire Plaintiff.

47.    Defendant, GILSON RODRIGUES, supervised and controlled Plaintiff's work schedule or conditions of employment.

48.    Defendant, GILSON RODRIGUES, determined Plaintiff's rate and method of payment.

49.    Defendant, GILSON RODRIGUES, maintained employment records.

50.    As such, Defendant, GILSON RODRIGUES, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for

the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III- DECLARATORY RELIEF

51.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

52.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. §1331, as a federal question exists.

53.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202.

54.     Plaintiff may obtain declaratory relief.

55.     Defendants employed the hourly paid employees.

56.     Plaintiff and those similarly situated were individually covered by the FLSA.

57.     Defendants' pay practices violated the FLSA.

58.     Defendants failed to pay Plaintiff and those similarly situated for all overtime hours worked.

59.     Defendants' owe Plaintiff d those similarly situated additional overtime pay.

60.     Plaintiff and those similarly situated are entitled to overtime pursuant to 29 U.S.C. §207(a)(1).

61.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

62.     Defendants did not rely upon a good faith defense.

63.     Defendants' violations were done either intentionally or with reckless disregard for the FLSA's rules and regulations.

64.     Plaintiff and those similarly situated are entitled to an equal amount of liquidated damages.

65.     It is in the public interest to have these declarations of rights recorded.

66.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

67.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

## DEMAND FOR JURY TRIAL

68.     Plaintiff demands a jury trial on all issues so triable against Defendant.

Dated this ___18th___ day of January, 2016.

Respectfully submitted,

_____
Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: cleach@forthepeople.com
*Attorneys for Plaintiff*

*CVL/rwm*
*2872789*