# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALEXANDRE BARROSO,**

    **Plaintiff,**

**v.**          **Case No:   6:16-cv-69-Orl-37DAB**

**GILSON'S INTERNATIONAL CUISINE,
INC. and GILSON RODRIGUES,**

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   Motion for Settlement (Doc. No. 14)
>
> **FILED:**     March 28, 2016
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On March 28, 2016, the parties filed a Joint Motion for Approval of Settlement Agreement (Doc. 14). On March 30, 2016, The Court ordered Plaintiff's counsel to file attorneys' fees documentation. Doc. 15. On April 15, 2016, Plaintiff filed a Notice of Filing of Supplemental Pleading in Support of its Motion for Approval, attaching the attorney's fee information. Doc. 16.

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), if a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Plaintiff filed the Complaint in this matter on January 19, 2016 seeking unpaid overtime. Doc. 1. Defendants, a Brazilian restaurant and its general manager, have agreed to pay Plaintiff, an hourly employee for approximately two years, for overtime claims of $2,950 in overtime wages plus an equal amount in liquidated damages, for a total of $5,900, and $3,000 in attorney's fees. Doc. 14.

Plaintiff asserted a claim for overtime compensation allegedly due for the period in which he was employed with Defendants. In discussions between the parties, Plaintiff claimed he was owed approximately 58 hours of overtime weekly. Doc. 14. Defendants contend that Plaintiff was paid for all hours worked during his employment and that he did not work approximately 58 hours of overtime weekly. *Id.* After considering the above issues, Plaintiff and Defendants agreed to compromise Plaintiff's FLSA claims. The parties agree that there is a bona fide dispute as to

whether Plaintiff worked approximately 58 hours of overtime weekly that cannot readily be resolved based on the facts of the case or the law. *Id.*

Although Plaintiff's counsel represent that the parties "negotiated attorney's fees and costs separately so that it did not compromise Plaintiff's recovery" in an apparent attempt to comply with the requirements applied by another judge of the Court, *see Bonetti v. Embarq Mgmt. Co.*, Case No. 06:07-CV-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), this case is not binding authority on any other district judge in the Middle District of Florida.

Plaintiff's counsel has also provided an accounting of the fees/costs. Doc. 16-1, Leach Affid. Plaintiff's counsel represents that he has already expended well in excess of $3,000 in fees and costs. Counsel's firm spent a total of 14.1 hours on the litigation of the case: he spent 9.7 hours and his paralegals spent 4.4 hours. The overall fee, when the typical Court-awarded rates are applied at $325 per hour for attorney work and $105 per hour for paralegal work, totals $3,614.50. *Id*. Plaintiff's counsel has additionally expended approximately $530 in total costs for filling fee and service of process. *Id*. As counsel points out, he has compromised fees/costs in order to resolve the case efficiently. The settlement is fair and reasonable and should be approved.

Settlement in the amount of $5,900 to Plaintiff for unpaid wages, and $3,000 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 26, 2016.

                                       *David A. Baker*
                                       DAVID A. BAKER
                                       UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy